■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERENCE WELLS, Appellant. [984 NYS2d 596]—Judgment of resentence, Supreme Court, New York County (Renee A. White, J.), rendered July 24, 2012, as amended July 26, 2012, resentencing defendant to an aggregate term of 50 years to life, and imposing an aggregate term of five years' postrelease supervision as to certain convictions, unanimously affirmed.

The resentencing proceeding imposing a term of postrelease supervision was neither barred by double jeopardy nor otherwise unlawful (*see People v Lingle*, 16 NY3d 621 [2011]). Concur— Saxe, J.P., Moskowitz, Freedman, Gische and Kapnick, JJ.

■ In the Matter of JEANNE MOORE, M.D., Petitioner, v STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES, Respondent. [985 NYS2d 239]—Determination of respondent's appeals board, which affirmed, after a hearing, petitioner's traffic conviction, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Doris Ling-Cohan, J.], entered July 9, 2013), dismissed, without costs.

Respondent's determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). The officer who issued the subject summons testified that he observed petitioner driving her scooter at an excessive speed and making numerous lane changes without signaling (*see* 34 RCNY 4-02 [c]; *Matter of Nelke v Department of Motor Vehs. of the State of N.Y.*, 79 AD3d 433 [1st Dept 2010]). Concur—Saxe, J.P., Moskowitz, Freedman, Gische and Kapnick, JJ.